IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SONIA LOPEZ substitute party for | : | CIVIL ACTION |
| RAFAEL LOPEZ, deceased | : | |
| | : | |
| v. | : | NO. 08-1871 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                      SEPTEMBER 3, 2009

Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 20) [1] and defendant's response thereto (Doc. No. 22), the court makes the following findings and conclusions:

1. In Rafael Lopez's ("Lopez") initial application for benefits dated February 10, 2004, he alleged that he had been disabled since September 2, 2003. (Tr. 101-03). After a hearing before an ALJ and a subsequent decision denying benefits dated February 24, 2005, the Appeals Council remanded the case for a *de novo* hearing because the original hearing recording was inaudible. (Tr. 47-54; 81-82). Lopez filed a second application for benefits dated July 1, 2005 for both disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. (121-25). A hearing on both applications was held by the ALJ on April 24, 2006 and was followed by a decision denying benefits dated September 27, 2006. (Tr. 26-32; 501-25). Although the Appeals Council adopted the ALJ's decision as it applied to the time prior to June 1, 2006, it granted benefits to Lopez as of June 1, 2006 in light of a third application for benefits dated October 25, 2006, establishing that Lopez had been diagnosed with stomach cancer. (Tr. 10-12; 494-98). Pursuant to 42 U.S.C. § 405(g), Lopez filed his complaint in this court on April 24, 2008 contending that he was also disabled between September 2, 2003 and June 1, 2006.

2. In her September 27, 2006 decision (which incorporated by reference her previous February 24, 2005 decision), the ALJ concluded, *inter alia*, that: (1) Lopez had severe degenerative disc disease of the lumbar spine ("DDD") and non-severe depression; (2) his

---

[1] Plaintiff's counsel, Eleanor Segal, has again failed to follow the revised social security procedural order and has filed a motion for summary judgment with a lengthy factual recitation, neither of which is contemplated by the procedural order. See (Doc. No. 4). As a result, I will treat her submission as a brief in support of request for review. I have recently warned Ms. Segal that, because she has failed to adhere to the new procedural order since its inception three years ago, failure to follow the procedural order in the future may result in appropriate sanctions. However, this brief was filed before my admonition to Ms. Segal, thus, sanctions are not in order at this time.

impairments did not meet or equal a listing; (3) he had the RFC to perform light and sedentary work; (4) he could perform his past work as a salesman; and (5) thus, he was not disabled. (Tr. 29 ¶¶ 2-3, Findings 3-5; 31 Findings 6 & 7).[2]

       3.     The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

       4.     Lopez raises three main arguments in which he alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence.[3] These arguments are addressed below. However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

       A.     First, Lopez contends that the ALJ erred by rejecting the opinions of his family physician, Dr. Fred Singer, and consultative examiner, Dr. Andrew Poulshock. Both the RFC assessment and the ultimate disability determination are issues reserved for the Commissioner and a physician's opinions thereof are not entitled to any special significance. 20 C.F.R. §§ 404.1527(e)(1-3); 416.927(e)(1-3); S.S.R. 96-5p. Moreover, an opinion of a treating physician is only entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2).

       The ALJ discounted Dr. Singer's disability determination and RFC report based on Dr. Singer's own notes and the clinical reports of Lopez's treating specialists, Drs. Salkind and Sachs, which contradicted his extreme findings and which showed mostly low levels of pain. (Tr. 30 ¶ 2; 31 ¶ 1; 52 ¶¶ 1-3; 361-65; 366-68; 390; 440-43). The ALJ also discounted Dr. Singer's findings based on the lack of referrals for orthopaedic, pain management or neurological treatment and his routine treatment records. (Id). Similarly, the ALJ rejected Dr. Poulshock's RFC finding that Lopez had severe limitations after concluding that this was belied

---

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

[3] Lopez also contends that the ALJ failed to find him disabled under the Grids and that the ALJ ignored testimony from the VE that Lopez could not work as a salesmen. Both of these arguments depend on accepting Lopez's view of the facts and evidence. (Tr. 522-23). Because I find that the ALJ's determinations, which were contrary to Lopez's contentions, were supported by substantial evidence, these two arguments must fail.

by his own relatively benign examination findings.  (Tr. 30 ¶ 3; 395-96).  The ALJ found further support for his RFC assessment in the report of non-examining physician Dr. Mary Ryczak and the mild clinical findings and opinions of his physicians that his impairments warranted only conservative treatment.  (Tr. 29 ¶ 2; 30 ¶ 5; 49 ¶¶ 3-4; 50 ¶ 1; 51 ¶¶ 1-4; 237; 240-41; 370-71; 428-35).  I find that the ALJ's conclusion to discount the extreme RFC assessments of Drs. Singer and Poulshock in light of the contradictory records of Lopez's treatment was supported by substantial evidence.[4]

        B.     Second, Lopez argues that the ALJ erred by discounting the credibility of his testimony and that she failed to adequately explain her credibility determination.  "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence."  Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)).  Moreover, such determinations are entitled to deference.  S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003).  The ALJ adequately discussed her decision to discount the credibility of Lopez's testimony and based her conclusion upon, *inter alia*, Lopez's conflicting statements regarding his treatment, the gaps in his treatment and the conservative nature thereof, and Dr. Salkind's report that Lopez was "very symptom magnified with an embellished examination."  (Tr. 30 ¶ 6; 49 ¶¶ 3-4; 51 ¶¶ 1-4; 52 ¶ 3; 323).  After reviewing the record, I conclude that the ALJ's credibility determination was supported by substantial evidence.

        C.     Third, Lopez contends that the ALJ erred in finding his depression non-severe.  The ALJ concluded that Lopez's depression was not severe in light of the opinion of a reviewing psychologist and the intermittent and routine nature of his outpatient mental health records.  (Tr. 29 ¶ 3; 415-27; 444-71).  The ALJ also concluded that Lopez's own evaluations of his depression could not be fully credited given the contradictions between his stated mental health therapy regimen and the available treatment records showing care of a very episodic nature.  (Tr. 30 ¶ 6 - 31 ¶ 1).  I find that the ALJ based her step two severity analysis on substantial evidence.

      5.     After carefully reviewing all of the arguments and evidence, I find that the ALJ's conclusion that Lopez was not disabled was legally sufficient and supported by substantial evidence.  As a result, Lopez's request for relief must be denied and the decision must be affirmed.

      An appropriate Order follows.

---

[4] I also find unpersuasive Lopez's contention that the ALJ erred by finding only his DDD severe and not, *inter alia*, the associated bulging discs and radiculopathy.  A mere diagnosis is never enough to prove disability; the plaintiff must prove functional loss which prevents him or her from performing substantial gainful activity.  In re Petition of Sullivan, 904 F.2d 826, 845 (3d Cir. 1990); 20 C.F.R. §§ 404.1521(a), 416.921(a).  Lopez has not attempted to show what other limitations these conditions would establish which would not also be established by his DDD.